The Honorable Ray Geiger Sheriff, Nassau County 50 Bobby Moore Circle Yulee, Florida 32097.
Dear Sheriff Geiger:
You state that you have been asked to host the 2004 Florida Sheriffs Conference in January 2004. The conference will address issues facing sheriffs in Florida as well as provide a training session. While some of the costs will be paid by the Florida Sheriffs Association, your office, as host, is responsible for some of the costs. You therefore ask substantially the following question:
May a sheriff's office use contraband forfeiture funds to pay costs associated with hosting the Florida Sheriffs Conference?
The Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes, authorizes a law enforcement agency to sell or otherwise salvage or transfer property acquired through a forfeiture to any public or nonprofit organization, or retain it for the agency's use.[1] If seized property is sold, the proceeds are disbursed in the following priority: satisfaction of any liens preserved by the court in the forfeiture proceedings; payment of costs incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of the property; and payment of court costs incurred in the forfeiture proceeding.[2]
If the seizing agency is a county, the remaining proceeds must be deposited in a special law enforcement trust fund established by the board of county commissioners. Section 932.7055(4)(a), Florida Statutes, provides:
'Such proceeds and interest earned therefrom shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants. The proceeds and interest may not be used to meet normal operating expenses of the law enforcement agency."
These funds may be expended upon request by the sheriff to the board of county commissioners, accompanied by a written certification that the request complies with the provisions of this subsection, and only upon appropriation to the sheriff's office by the board of county commissioners.[3]
An agency or organization, other than the seizing agency, that wishes to receive such funds must apply to the sheriff for an appropriation and its application shall be accompanied by a written certification that the moneys will be used for an authorized purpose. Such requests for expenditures shall include a statement describing anticipated recurring costs for the agency for subsequent fiscal years. An agency or organization that receives money pursuant to this subsection is required to provide an accounting for such moneys and to furnish the same reports as an agency of the county that receives public funds. Funds received through such an appropriation from the contraband forfeiture fund may be expended in accordance with the following statutorily prescribed procedures:
"1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drug prevention programs or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate.
2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency.
3. After July 1, 1992, and during every fiscal year thereafter, any local law enforcement agency that acquires at least $15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds."[4]
Consistent with previous opinions of this office, special law enforcement trust funds may be used only for those purposes set forth in the statute and for appropriate law enforcement purposes, except normal operating expenses.[5] This office has on occasion concluded that proposed expenditures were outside the scope of permissible uses for contraband forfeiture.[6] Ultimately, the decision of whether the expenditure is for an appropriate law enforcement purpose must be made by the county commission.[7]
This office has stated that the legislative intent of the statute prescribing the uses of the special law enforcement trust funds is that "trust funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal, regular or established."[8] "Crime prevention" is one of the expressly stated purposes for which contraband forfeiture funds may be expended.
While you state that the funds would be used to host the annual sheriffs conference, you have not identified the specific purpose for which the funds would be used. The use of contraband forfeiture funds to host a conference where issues facing law enforcement will be discussed and training sessions may be offered appears to constitute an authorized expenditure of such funds although their use for ancillary activities, not associated with training or the discussion of issues facing law enforcement, would not. The determination of whether law enforcement trust funds may be expended in any given instance, however, is one that the board of county commissioners ultimately must make.
Accordingly, I am of the opinion that contraband forfeiture funds may be used to pay the costs of hosting the conference where issues facing law enforcement will be discussed and training sessions may be offered.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 932.7055(1)(a)-(c), Fla. Stat.
[2] Section 932.7055(3)(a)-(c), Fla. Stat.
[3] Section 932.7055(4)(b), Fla. Stat. And see, Op. Att'y Gen. Fla. 96-62 (1996) (given inability of county commissioners to expend funds absent sheriff's request and written certification, deference should be given to the sheriff's request).
[4] Section 932.7055(4)(c), Fla. Stat.
[5] See, Ops. Att'y Gen. Fla. 01-78 (2001) (funds from the special law enforcement trust fund may be donated to a 501(c)(3) corporation that treats drug addicts recently released from jail where such funds will be directed to the renovation of buildings used by the program for residential and administrative purposes); 98-32 (1998) (a program developed by the sheriff that reimburses employees for tuition for college level course work may be funded using contraband forfeiture trust funds when the purpose of that program is to develop additional expertise in these employees in specific areas related to their job duties); 91-84 (1991) (a police athletic league with the primary purpose of preventing crime by providing recreational programs for disadvantaged youths may be supported with contraband forfeiture funds, if the governing body of the city determines that such activities are an appropriate law enforcement purpose).
[6] See, Ops. Att'y Gen. Fla. 97-31 (1997) (city is not authorized to use contraband forfeiture funds to build and maintain a stable for horses to be used for a mounted police patrol unit); 89-78 (1989) (contraband forfeiture funds may not be used to augment salaries of police officers or pay tuition supplements to recruits); 86-48 (1986) (county not authorized to use the funds to construct a building to be used by the sheriff in storing evidence); and 83-09 (1983) (contraband forfeiture funds may not be used to compensate a physician's assistant to render medical aid to county prisoners).
[7] See, Ops. Att'y Gen. Fla. 96-62 (1996) (board of county commissioners has ultimate discretion in determining whether contraband forfeiture trust fund monies will be expended for the purposes requested by the sheriff); 92-76 (1992) (contraband forfeiture funds may be used to support weekly teen dances if governing body of the city makes the determination that the program serves an appropriate law enforcement purpose); and 89-78 (1989) (determination of whether expenditure is for a law enforcement purpose must be made by the governing body of municipality).
[8] See, Op. Att'y Gen. Fla. 83-9 (1983).